## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNNECTICUT

CIVIL ACTION NO.

| | |
|---|---|
| ERIC AHLQUIST, WAYNE ANDERSON, JEREMY SOUZA, WILLIAM BENNETT, RICHARD JAMES, EDWARD GIACOMAZZO, JR., MATTEO NACLERIO, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| BIMBO FOODS BAKERIES DISTRIBUTION, INC., | ) ) |
| Defendant. | ) ) ) |

## CLASS ACTION COMPLAINT

### Introduction

This is an action brought on behalf of current and former distributors who have worked for Defendant Bimbo Foods Bakeries Distribution, Inc. ("BFBD"), challenging its unlawful misclassification of them as independent contractors instead of employees. The above-named plaintiffs bring this action on behalf of themselves and on behalf of all others similarly situated in the State of Connecticut and the Commonwealth of Massachusetts, seeking remedies for statutory and common law violations resulting from this misclassification.

### Parties

1.      Plaintiff Eric Ahlquist is an adult resident of Unionville, Connecticut and a citizen of Connecticut. Since approximately 1979, Mr. Ahlquist has worked in Connecticut for BFBD or its predecessors.

2.      Plaintiff Wayne Anderson is an adult resident of Glastonbury, Connecticut and a citizen of Connecticut. Since approximately 1974, Mr. Anderson has worked in Connecticut for BFBD or its predecessors.

3.      Plaintiff Jeremy Souza is an adult resident of Wilbraham, Massachusetts and a citizen of Massachusetts. Since approximately 2003, Mr. Souza has worked in Massachusetts for BFBD or its predecessors.

4.      Plaintiff William Bennett is an adult resident of Groton, Connecticut and a citizen of Connecticut. Since approximately 1975, Mr. Bennett has worked in Connecticut for BFBD or its predecessors.

5.      Plaintiff Richard James is an adult resident of Waterbury, Connecticut and a citizen of Connecticut. Since approximately 2000, Mr. James has worked in Connecticut for BFBD or its predecessors.

6.      Plaintiff Edward Giacomazzo, Jr., is an adult resident of Naugatuck, Connecticut and a citizen of Connecticut. Since approximately 1998, Mr. Giacomazzo has worked in Connecticut for BFBD or its predecessors.

7.      Plaintiff Matteo Naclerio is an adult resident of Rocky Hill, Connecticut and a citizen of Connecticut. Since approximately 1996, Mr. Naclerio has worked in Connecticut for BFBD or its predecessors.

8.      The above-named plaintiffs bring this action on their own behalf and on behalf of all similarly-situated individuals.

9.      Defendant BFBD is a Delaware corporation, with its headquarters in Horsham, Pennsylvania. BFBD conducts business through distribution facilities in Massachusetts and Connecticut, among other states.

2

**Jurisdiction and Venue**

10.     The court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a) and (d), based on the diversity of the parties and the amounts in controversy.  On information and belief, the amount in controversy with respect to one or more of the named plaintiffs exceeds $75,000, and the amount in controversy for the putative class as a whole exceeds $5 million.  The court has supplemental jurisdiction over pendent claims pursuant to 28 U.S.C. § 1367(a).

11.     Venue in this forum is proper pursuant to 28 U.S.C. §§ 1391(a) and (c), because BFBD does business in Connecticut and is subject to personal jurisdiction in this district.

**Facts**

12.     The business of BFBD and its affiliates (the latter "BFBD affiliates) consists of manufacturing, distributing, and selling baked goods under the brand names of Arnold, Bimbo, Boboli, Entenmann's, Freihofer's, Thomas', and others.

13.     BFBD and its affiliates use hundreds of individuals within Massachusetts and Connecticut to distribute baked goods.

14.     Some of these distribution workers are designated as employees ("employee drivers").  Employee drivers receive all the benefits of employment, including fringe benefits (such as health insurance and paid time off, among other things), expense reimbursement (for expenses such as buying or leasing a truck, maintenance, fuel, insurance, tolls, etc.), company-provided equipment (such as handheld computers), and protection under state and federal employment laws (such as laws governing workers' compensation, unemployment benefits, employment discrimination, and workplace safety).

3

15.     Other distribution workers are designated as independent operators or IO's (collectively, "IO drivers"). Like employee drivers, IO drivers deliver baked products to retailers and other customers, thereby providing a service that lies at the very heart of the baked goods business of BFBD and its affiliates. BFBD treats IO drivers as independent contractors, claiming that they are entitled to no fringe benefits, no expense reimbursement, no company-provided equipment (except what the IO drivers pay for), and no protection under state and federal employment laws. BFBD affiliates pay payroll taxes for its employee drivers, but BFBD does not pay payroll taxes for its IO drivers.

16.     On information and belief, BFBD affiliates save millions of dollars each year in taxes, expenses, and employment costs by treating some distribution workers as independent contractors.

17.     In addition, the use by BFBD of IO drivers allows BFBD to reduce the burdens on its employees and shift that burden to IO's without additional compensation.

18.     BFBD exercises control and direction over IO drivers, both under a contract for services and in fact.

19.     BFBD requires its IO drivers to enter into a form contract, typically called a "distribution agreement." The terms and conditions of each IO driver's distribution agreement are the same in material respects.

20.     The distribution agreements are adhesion contracts drafted exclusively by BFBD. BFBD does not negotiate the material terms of the distribution agreements with the IO drivers, who are required to sign the agreements on a "take-it-or-leave-it" basis.

4

21.     The distribution agreements purport to sell the right to distribute products of BFBD affiliates in a predefined territory or route.  IO drivers purchase these rights for substantial sums, typically tens of thousands of dollars.

22.     The distribution agreements purport to classify the IO drivers as "independent contractors."

23.     BFBD exercises substantial control over the work performed by IO drivers.

24.     The control retained and exercised by BFBD includes, but is not limited to, the fact that BFBD:

a.     Employs managers who have supervisory and disciplinary authority over the IO drivers.

b.     Requires the IO drivers to comply with its policies and procedures, including the time, place, and manner of pick-ups and deliveries.  These policies and procedures are unilaterally established by BFBD and govern, among other things, the ordering of products, the frequency of deliveries, and the manner in which delivery drivers must conduct themselves with customers.

c.     Exerts a high degree of control over the IO drivers' work.  For example, BFBD requires drivers to erect display racks for certain products at its customers' stores and refuses to accept products that are returned as damaged by the drivers.

d.     Prevents IO drivers from choosing when and how frequently they work.  Instead, BFBD instructs its IO drivers as to which stores they should be servicing and how many deliveries they should be making per day and per week.

e.     Requires IO drivers to obtain its express, prior approval before selling their routes or substituting another driver for their route.

f.     Prohibits the IO drivers from exercising independent business judgment regarding the services they perform.

g.     Prohibits IO drivers from participating in activity considered competitive to BFBD affiliates.

25.     The IO drivers and BFBD are engaged in the same usual course of business: the sale and distribution of baked goods.

26.     The IO drivers are not customarily engaged in an independently established trade, occupation, profession, or business of the same nature as the services they provide to BFBD.

27.     BFBD also imposes various charges on its delivery drivers.  Such charges include, without limitation, (a) lease payments for trucks; (b) lease payments for computer equipment; (c) insurance payments and contributions; (d) charges for returned goods; and (e) penalties assessed by retail outlets against the drivers.

28.     BFBD's misclassification of its delivery drivers as independent contractors is a knowing and willful violation of the law.

29.     To the extent required, Plaintiffs have received a right to sue letter from the Massachusetts Attorney General's Office.

### Class Action Allegations

30.     Plaintiffs bring this class action lawsuit on behalf of all IO drivers who obtain products of BFBD affiliates in Massachusetts or Connecticut, and who are or have been classified as independent contractors.

31.     The members of the class are so numerous that joinder of all of them is impracticable.

32.     There are issues of law and fact common to all class members because BFBD has misclassified them as independent contractors rather than as employees and has unlawfully deprived them of the wage treatment and benefits accorded employees. These questions of law and fact predominate over any questions affecting only individual class members.

33.     The named plaintiffs will fairly and adequately represent the interests of the class.

6

## COUNT I
## MASSACHUSETTS INDEPENDENT CONTRACTOR LAW

34.    As set forth above, BFBD has misclassified the plaintiffs and other similarly situated delivery drivers, in violation of Mass. Gen. L. ch. 149, §148B.  This claim is asserted pursuant to Mass. Gen. L. ch. 149, § 150.

## COUNT II
## MASSACHUSETTS PAYMENT OF WAGES LAW

35.    As set forth above, BFBD's failure to pay the plaintiffs and other similarly situated delivery drivers for all hours worked, and its practice of making deductions from those drivers' wages, violates Mass. Gen. L. ch. 149, § 148.  This claim is asserted pursuant to Mass. Gen. L. ch. 149, § 150.

## COUNT III
## CONNECTICUT INDEPENDENT CONTRACTOR LAW

36.    As set forth above, BFBD has misclassified the plaintiffs and other similarly situated delivery drivers as independent contractors in violation of Conn. Gen. Stat. § 31-222(a)(1)(B).  This claim is asserted pursuant to Conn. Gen. Stat. § 31-72.

## COUNT IV
## CONNECTICUT WAGE LAW

37.    As set forth above, BFBD's failure to pay the plaintiffs and other similarly situated delivery drivers for all hours worked, and its practice of making deductions from those drivers' wages and requiring payments for employment, violates Conn. Gen. Stat. § 31-71e and Conn. Gen. Stat. § 31-73.  This claim is brought pursuant to Conn. Gen. Stat. § 31-72.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs asks this honorable Court to enter the following relief:

a.      An order certifying a class, or sub-classes, of similarly-situated individuals
        pursuant to Fed. R. Civ. P. 23 or Mass. Gen. L. ch. 148, § 150;

b.      An award of damages for all unpaid wages, expenditures, costs, deductions,
        benefits, or other losses resulting from BFBD's misclassification, as described in
        this Complaint;

c.      Restitution of the payments made by Plaintiffs in order to purchase their routes, in
        an amount sufficient to make Plaintiffs whole;

d.      Statutory multiplying damages, pursuant to Massachusetts and Connecticut law;

e.      Attorneys' fees and costs; and

f.      Such other legal and equitable relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues so triable.

ERIC AHLQUIST, WAYNE ANDERSON,
JEREMY SOUZA, WILLIAM BENNETT,
RICHARD JAMES, EDWARD
GIACOMAZZO, JR., MATTEO
NACLERIO, on behalf of themselves and all others
similarly situated,


/s/ Stephen Churchill
Harold Lichten
Stephen Churchill
*Pro hac vice anticipated*
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street – 20th Floor
Boston, MA  02114
(617) 994-5800
hlichten@llrlaw.com
schurchill@llrlaw.com


/s/ Daniel A. Schwartz
Daniel A. Schwartz (ct15823)
Pullman & Comley, LLC
90 State House Square
Hartford, CT 06103
860-424-4359 phone
860-424-4370  fax
dschwartz@pullcom.com

/s/ Richard Hayber
Richard E. Hayber (ct11629)
Hayber Law Firm, LLC
Employee Rights Advocates
221 Main Street
Hartford, CT  06106
(860) 522-8888
rhayber@hayberlawfirm.com


Dated:   August 30, 2012