UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ERIC AHLQUIST, WAYNE ANDERSON, JEREMY SOUZA, WILLIAM BENNETT, RICHARD JAMES, EDWARD GIACOMAZZO, JR., MATTEO NACLERIO, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BIMBO FOODS BAKERIES DISTRIBUTION, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) No. 3:12-cv-01272-SRU ) ) ) ) ) ) ) ) |

### ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS, APPOINTMENT OF CLASS COUNSEL, AND APPROVAL OF PROPOSED NOTICE OF SETTLEMENT

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (doc. # 31) (the "Motion"). Following a telephonic hearing on January 11, 2013, and the Court having reviewed the record and considered all papers filed and proceedings had herein, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

### I. Preliminary Approval of Proposed Class Action Settlement

Based upon the Court's review of the Motion and the proposed settlement memorialized in the Settlement Term Sheet, attached to the Motion as Exhibit 2 (doc. # 31-2), the Court finds on a preliminary basis that the settlement falls within the range of reasonableness and otherwise meets the requirements for preliminary approval, such that notice to the proposed class is

appropriate. *See Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 617-20 (S.D.N.Y. 2012); *Cohen v. J.P. Morgan Chase & Co.*, 262 F.R.D. 153, 157-58 (E.D.N.Y. 2009). The Court further finds that the proposed settlement is the result of extensive, arms-length negotiations by counsel experienced in employment-related class actions. *See Duling v. Gristede's Operating Corp.*, No. 06-cv-10197, 2012 WL 5835302, at *1 (S.D.N.Y. Nov. 15, 2012). Accordingly, the Court grants preliminary approval of the class action settlement.

## II.     Conditional Certification of Proposed Settlement Class

The Court conditionally certifies, for settlement purposes only, the following class: All Independent Operators ("IOs") who purchased products from any Connecticut or Massachusetts depot operated by Defendant or any of its affiliated companies between January 1, 2008 and the date of this Order.

"A Court should grant conditional certification of a class for settlement purposes where the proposed class and class representative satisfy the four requirements of Federal Rule of Civil Procedure 23(a)—numerosity, commonality, typicality, and adequacy—as well as one of the three subsections of Rule 23(b)." *Cohen*, 262 F.R.D. at 157-58 (citing *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 619-29 (1997)); *see also Denny v. Deutsche Bank AG*, 443 F.3d 253, 269-271 (2d Cir. 2006) ("Before certification is proper for any purpose—settlement, litigation or otherwise—a court must ensure that the requirements of Rule 23(a) and (b) have been met[.]"). The Court finds the requirements of Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3) (other than the manageability requirement) are satisfied for settlement purposes.

Plaintiffs satisfy the numerosity requirement under Fed. R. Civ. P. 23(a)(1) because there are approximately 433 class members, which makes joinder impracticable. *See Consol. Rail*

*Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members.").

Plaintiffs satisfy the commonality requirement under Fed. R. Civ. P. 23(a)(2) because their claims share with members of the proposed class common questions of fact and law, including, *inter alia*, whether Defendant violated wage and hour laws by imposing a uniform policy of misclassifying IOs as independent contractors. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2545 (2011) (stating that, to meet commonality requirement, plaintiffs must show that class members "suffered the same injury" and "their claims . . . depend upon a common contention"); *Khait v. Whirlpool Corp.*, No. 06-cv-6381, 2009 WL 6490085, at *2 (E.D.N.Y. Oct. 1, 2009) (finding commonality requirement satisfied where common issues included employers' classification of employees).

Plaintiffs satisfy the typicality requirement under Fed. R. Civ. P. 23(a)(3) because each proposed class member's claim arises from the same practice or course of conduct, namely Defendant's alleged uniform policy of misclassification of IO's as independent contractors. *See In re Playmobil*, 35 F. Supp. 2d 231, 241 (S.D.N.Y. 1998) (finding typicality requirement met when "the representative plaintiff's claims are based on the same legal theory and arise from the same practice or course of conduct as the other class members").

Plaintiffs satisfy the adequate representation requirement under Fed. R. Civ. P. 23(a)(4) because the named plaintiffs "have an interest in vigorously pursuing the claims of the class," and there is no evidence that their interests are "antagonistic to the interests of other class members." *Denney*, 443 F.3d at 268.  The Court therefore appoints, for settlement purposes only, the named plaintiffs, Eric Ahlquist, Wayne Anderson, Jeremy Souza, William Bennett, Richard James, Edward Giacomazzo, Jr., and Matteo Naclerio, as class representatives.

Plaintiffs also satisfy the predominance and superiority requirements of Fed. R. Civ. P. 23(b)(3).  The predominance requirement is satisfied because the claims of the proposed class are unified by common factual allegations (i.e., that Defendant had a uniform policy of misclassification) and a common legal theory (i.e., that Defendant's policy violated state wage and hour laws).  *See Morris*, 859 F. Supp. 2d at 617; *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 373 (S.D.N.Y. 2007).  Class adjudication is also superior to individual adjudication because it will conserve judicial resources and is more efficient for class members, particularly those who lack the resources to bring claims individually.  *See, e.g.*, *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 161-64 (S.D.N.Y. 2008).

### III.     Appointment of Plaintiffs' Counsel as Class Counsel

The Court appoints, for settlement purposes only, Lichten & Liss-Riordan, P.C., Pullman & Comley, LLC, and Hayber Law Firm, LLC, as class counsel because they meet all of the requirements of Fed. R. Civ. P. 23(g).  The Court finds that Plaintiffs' counsel are highly experienced in employment litigation as well as class-action litigation, and are therefore well qualified to conduct this litigation.  *See Morris*, 859 F. Supp. 2d at 616-17.  Moreover, the Court finds that the work Plaintiffs' counsel has already performed in this case demonstrates their commitment to the class and to representing the class's interests.  *See Duling*, 2012 WL 5835302, at *2.

### IV.     Approval of the Proposed Notice of Settlement, Claim Form and Procedures

Pursuant to Fed. R. Civ. P. 23(c)(2)(B), the Court approves the content and proposed distribution of the Notice and Claim Form, attached to the Motion as Exhibit 3 (doc. # 31-3), and the proposed allocation of settlement proceeds available to be claimed, attached to the Motion as Exhibit 4 (doc. # 31-4).  The Court finds the proposed Notice provides the best notice practicable

4

under the circumstances, and otherwise satisfies the requirements under Rule 23(c)(2)(B) by adequately appraising class members of the terms of the proposed settlement, the allocation of attorneys' fees, and the process for objecting to, or opting-out of, the settlement. *See, e.g., In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993).

Each class member will have 60 days after the date on which the Notice and Claim Form are mailed to object to the Settlement by serving class counsel, and filing with the Court, a written objection to the Settlement.

Each class member will have 60 days after the date on which the Notice and Claim Form are mailed to request exclusion to the settlement by serving class counsel with a timely and valid request to opt-out of the settlement in the Form, attached to the Motion as Exhibit 3 (doc. # 31-3), and that will be included in the Notice packet.

Each class member will have 60 days after the date on which the Notice and Claim Form are mailed to make a claim against the settlement funds by serving class counsel with a timely and valid Claim Form, attached to the Motion as Exhibit 3 (doc. # 31-3), and that will be included in the Notice packet.

The Court will conduct a Final Approval Hearing on **May 3, 2013 at 2:00 p.m.** to determine the overall fairness of the settlement. Class Counsel shall file a Motion for Final Approval by **April 24, 2013**, and shall provide a draft of such Motion to counsel for Defendant by **April 12, 2013**.

IT IS SO ORDERED.

Dated at Bridgeport, Connecticut, this 18th day of January 2013.

   /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge