UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| ERIC AHLQUIST, WAYNE ANDERSON, JEREMY SOUZA, WILLIAM BENNETT, RICHARD JAMES, EDWARD GIACOMAZZO, JR., MATTEO NACLERIO, on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>BIMBO FOODS BAKERIES DISTRIBUTION, INC.,<br>  Defendant. | No. 3:12-cv-1272 (SRU) |

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Following a telephonic hearing on January 11, 2013, the Court previously issued an Order Granting Preliminary Approval of Class Action Settlement, Conditional Certification of Settlement Class, Appointment of Class Counsel, and Approval of Proposed Notice of Settlement (doc # 36).  Now before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (the "Motion") (doc # 43).  Following a hearing on June 21, 2013, and the Court having reviewed the record and considered all papers filed and proceedings had herein, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

   I.   **Final Approval of Proposed Class Action Settlement**

The Court has jurisdiction over the subject matter of the above-captioned action (the "Action"), the named Plaintiffs proposed as Class Representatives, Defendant Bimbo Foods

Bakeries Distribution, Inc., and all Independent Operators ("IOs") who purchased products from any Connecticut or Massachusetts depot operated by Defendant or any of its affiliated companies[1] between January 1, 2008 and January 18, 2013 (collectively the "Class" or "Class Members").

Based upon the Court's review of the Motion and the proposed settlement memorialized in the Settlement Term Sheet, attached to the Motion as Exhibit 2 (doc. # 43-2), the Court finds that the settlement falls within the range of reasonableness and otherwise meets the requirements for approval. All terms used in this Order shall have the same meaning as terms used in the Settlement Term Sheet and the Releases set forth in Exhibit 1 to the Class Notice, unless specifically provided otherwise herein.

The Court finds that the proposed settlement is the result of extensive, arms-length negotiations by counsel experienced in employment-related class actions. *See Duling v. Gristede's Operating Corp.*, No. 06-cv-10197, 2012 WL 5835302, at *1 (S.D.N.Y. Nov. 15, 2012). The Court has considered the factors set forth in *McReynolds v. Richards-Cantave*, 588 F.3d 790, 804 (2d Cir. 2009) (citations and internal quotation marks omitted) (citing *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974) (internal citations omitted)), and finds that all of those factors support approval of the settlement as fair, reasonable, and adequate.

Among other considerations, the Court finds that the positive response of the class supports approval of the settlement. *See Maley v. Dale Global Techs. Corp.*, 186 F. Supp. 2d 358, 362-63 (S.D.N.Y. 2002) ("It is well settled that the reaction of the class to the settlement is perhaps the most significant factor to be weighed in considering its adequacy."). Accordingly, the Court grants final approval of the class action settlement.

---

[1] Some of these individuals contracted with a BFBD affiliate called Arnold Sales Company Inc., but they are equally subject to the settlement.

## II. Certification of Settlement Class

The Court finds that the distribution by first-class mail of the Notice of Proposed Class Action Settlement and forms attached thereto (the "Notice Materials") constituted the best notice practicable under the circumstances to all persons within the definition of the Class and fully met the requirements of due process under the United States Constitution and applicable state law. Based on evidence and other material submitted in conjunction with the Fairness Hearing, the actual notice to the Class was adequate. These papers informed Class Members of the terms of the Settlement, their right to a share of the Settlement Payment, their right to object to the Settlement, or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the Fairness Hearing and to be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures, as set forth in the Court's preliminary approval order. No Class Members objected to the Settlement, and only 7 individuals opted out of the Settlement.

The Court finds, for settlement purposes only, that the Class satisfies the applicable standards for certification under Federal Rules 23(a) and 23(b)(3). Accordingly, solely for purposes of effectuating this Settlement, this Court has certified a class of all Class Members, as that term is defined above. Because the Rule 23 class is being certified here for settlement purposes only, the Court need not (and does not) address the manageability requirement of Rule 23(b)(3). *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).

The Court approves the Settlement of the Action, and each of the releases and other terms set forth in the Settlement Term Sheet, as fair, just, reasonable and adequate as to the Class, the Class Representatives, and Defendant (collectively "Settling Parties"). The Settling Parties are

directed to perform in accordance with the terms set forth in the Settlement Term Sheet and the Releases.

Except as to any individual claim of those persons who have validly and timely requested exclusion from the Class, all of the claims asserted in the above-captioned matter are dismissed with prejudice as to the Class Representatives and the Class Members.  The Settling Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Settlement Term Sheet.

By this Judgment, the Class Representatives, all Class Members other than those who have validly and timely requested exclusion from the Class, and Class Counsel release all claims as specified in the releases set forth in Exhibit 1 to the Class Notice.  Further, Distribution Agreements that the Class Representatives and Class Members who will receive a payment from the Settlement have with Defendant shall be amended by BFBD and such Class Members to include the alternative dispute resolution provisions described in Exhibit 2 to the Class Notice.

Neither the Settlement Term Sheet, the Settlement contained therein, the preliminary approval or final approval motion papers, this Order, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (i) is or may be deemed to be or may be cited or used as an admission of, or evidence of, the validity of any of the released claims described above, any wrongdoing or liability of Defendant or any of the Released Parties (as that term is defined in the Releases), or whether class action certification is warranted in this Action or any other proceeding or that decertification is not warranted in this Action or any other proceeding; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendant or any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  Defendant may

file the Judgment from the above-captioned matter in any other action that may be brought against it in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

The Action is dismissed on the merits and with prejudice, permanently barring the Class Representatives and Class Members (other than those who timely filed valid written requests for exclusion from the Class) from prosecuting any of the Released Claims, permanently barring the Class Representative from prosecuting any of the Class Representative's Released Claims, and permanently barring Class Counsel from prosecuting any of Class Counsel's Released Claims.

The Court hereby orders the appointment of Eric Ahlquist, Wayne Anderson, Jeremy Souza, William Bennett, Richard James, Edward Giacomazzo, Jr, and Matteo Naclerio as Class Representatives for the Class for purposes of the Settlement.

The Court hereby orders the appointment of Lichten & Liss-Riordan, P.C., Pullman & Comley, LLC, and Hayber Law Firm, LLC, as Class Counsel for the Class for purposes of Settlement and the releases and other obligations therein.

### III.    Approval of Settlement Distribution

The Court approves the proposed distribution of settlement proceeds as set forth in the Motion for Final Approval, including a payment to the East Coast Bakery Distributors Association of $75,000, payments to the named Plaintiffs in the amount of $7,000 each, and a payment of attorneys' fees in the amount of $875,000 to Class Counsel.

Although this matter is dismissed with prejudice, the Court reserves and retains exclusive and continuing jurisdiction over the above-captioned matter, the Class Representative, the Class, Class Counsel, and Defendant for the purposes of supervising the implementation,

effectuation, enforcement, construction, administration and interpretation of the Settlement and this Judgment.

This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.


Dated at Bridgeport, Connecticut, this 24th day of June 2013.


          /s/ Stefan R. Underhill_____
Stefan R. Underhill
United States District Judge